## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| ROCK CREEK PHARMACEUTICALS, INC., | : | Case No. 16-12120 (KG) |
| Debtor(s). | : | |
| In re: | : | Chapter 7 |
| RCP DEVELOPMENT, INC., | : | Case No. 16-12121 (KG) |
| Debtor(s). | : | |
| In re: | : | Chapter 7 |
| STAR TOBACCO, INC., | : | Case No. 16-12123 (KG) |
| Debtor(s). | : | **Obj. Deadline: TBD**<br>**Hearing Date: TBD** |

**MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004 AND 9014, (I) AUTHORIZING THE SALE OF INTELLECTUAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, AND OTHER INTERESTS, AND (II) GRANTING RELATED RELIEF**

George L. Miller, the Chapter 7 Trustee (the "Trustee") for the Estates of Rock Creek Pharmaceuticals, Inc., RCP Development, Inc. and Star Tobacco, Inc. (collectively, the "Debtors"), respectfully requests the entry of an order pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the sale of the Debtors' intellectual property (together with designated related assets comprising the "Acquired Assets"), identified in Section 2.1 of the Intellectual Property

Purchase Agreement (the "Purchase Agreement"), on an "as is, where is" basis, free and clear of all liens, claims, encumbrances, and interests, to Philip Morris Products, S.A. or its designee at or prior to Closing (as applicable, the "Buyer"), and (ii) granting related relief. In support of this Motion, the Trustee respectfully represents as follows:

## JURISDICTION

1.     This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This is a core matter pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution.

2.     Venue of these Chapter 7 Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory predicates for the relief sought in the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014.

## BACKGROUND

4.     On September 27, 2016 (the "Petition Date"), the Debtors filed voluntary petitions (the "Petitions") for relief under chapter 7 of the Bankruptcy Code.

5.     Shortly after the Petition Date, the Office of the United States Trustee appointed George L. Miller as chapter 7 trustee for the Debtors' estates, which appointment remains in effect.

6.     One or more of the Debtors had functioned as a "pharmaceutical development company focused on the discovery, development and commercialization of therapies for chronic inflammatory disease and neurologic disorders." Research efforts were focused on anatabine

citrate ("Anatabine") that was believed to have anti-inflammatory properties. As of the Petition Date, the Debtors had several issued U.S. patents and pending U.S. patent applications, and various issued/pending foreign patents and applications (collectively, the "Patents"). In addition, Debtors had approximately 15 registered trademarks (collectively, the "Trademarks"), and Debtor Rock Creek Pharmaceuticals, Inc. was a party to that certain Exclusive License Agreement, dated March 16, 2001, with Regent Court Technologies, LLC (the "Exclusive License Agreement" and, collectively, with the Patents and the Trademarks, the "Intellectual Property").

7.      One of the Acquired Assets under the Purchase Agreement is the Exclusive License Agreement, which provides for certain ongoing obligations of Rock Creek, including, without limitation, obligations to pay royalties to Regent Court Technologies, LLC ("RCT"), as set forth in the Exclusive License Agreement, but provides for no material ongoing obligations of RCT.

8.      As set forth in the *Declaration of George L. Miller in Support of Entry of Order, Pursuant to Section 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014, (I) authorizing the Sale of Intellectual Property Free and Clear of Liens, Claims, Encumbrances, and Other Interests, and (II) Granting Related Relief* (the "Supporting Declaration"), attached hereto as Exhibit "A", efforts were undertaken by the Trustee and his advisors to sell the Intellectual Property. (Supporting Declaration, ¶¶ 7-10). The efforts resulted in a June 1, 2017 Letter of Intent ("LOI") submitted by the Buyer. (Supporting Declaration, ¶10).

PHIL1 6689901v.1

9.      After receipt of the LOI, the parties engaged in a good-faith arms-length negotiation regarding the sale of the Intellectual Property, that resulted in the Purchase Agreement. (Supporting Declaration, ¶11).

## RELIEF REQUESTED

10.      By this Motion, the Trustee respectfully requests, pursuant to sections 105, and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006, entry of the proposed Sale Order attached hereto as Exhibit "B": (a) authorizing and approving the Purchase Agreement attached to the Sale Order as Exhibit "1", (b) approving the sale of the Intellectual Property to the Buyer free and clear of liens, claims and encumbrances; (c) authorizing the Trustee to consummate transactions related to the Purchase Agreement; and (d) granting other related relief.

11.      As more fully set forth in the Purchase Agreement,[1] the material provisions of this transaction include:  (a) the Buyer will purchase all right, title and interest of the Debtors in the Intellectual Property free and clear of all Encumbrances[2] (the "Acquired Assets"); (b) the Acquired Assets are purchased "as-is – where is"; (c) the consideration for the Acquired Assets consists of $235,000 in cash, non-cash consideration in the form of fees, payments and costs of any kind due to any governmental agency paid by the Buyer with respect to certain of the Acquired Assets prior to the Effective Time of the Purchase Agreement, and the assumption of the Assumed Liabilities; and (d) the parties shall use commercially reasonable efforts to take or cause to be taken, all appropriate action to consummate the transactions.

---

[1]      This description of the transaction is intended as a summary for the Court and all interested parties. All parties are directed to the Purchase Agreement, attached as Exhibit 1 to the proposed Sale Order (Exhibit B hereto), for the full and controlling terms of the transaction.

[2]      Otherwise undefined terms used herein shall have the same meaning as set forth in the Purchase Agreement.

4

12.    If the Court requires that the sale be subject to higher and better offers, the Buyer, in its sole and absolute discretion, may agree to serve as a stalking horse bidder, with the Buyer entitled to certain bid protections including a break-up fee of $23,000 and expense reimbursement.

13.    For the reasons set forth herein and in the Supporting Declaration, the Trustee respectfully requests that the Court approve the Purchase Agreement and enter an order substantially in the form attached hereto as Exhibit B.  This transaction will preserve and maximize the value of the Acquired Assets for the benefit of the Debtors and their estates and creditors, and provide a means to maximize creditor recoveries.

## APPLICABLE AUTHORITY

A.    Approval of the Sale and Purchase Agreement are Warranted Under Section 363(b) of the Bankruptcy Code

14.    "Under Delaware law, the business judgment rule operates as a presumption 'that directors making a business decision, not involving self-interest, act on an informed basis, in good faith and in the honest belief that their actions are in the corporation's best interest.'" Continuing Creditors' Committee of Star Telecomms., Inc. v. Edgecomb, 385 F.Supp.2d 449, 462 (D. Del. 2004) (quoting Grobow v. Perot, 539 A.2d 180, 187 (Del. 1988)); see also Ad Hoc Committee of Equity Holders of Tectonic Network, Inc. v. Wolford, 554 F.Supp.2d 538, 555 n.111 (D. Del. 2008). Thus, this Court should grant the relief requested in this Motion if the Trustee demonstrates a sound business justification therefore. See In re Delaware Hudson Ry. Co., 124 B.R. 169 , 179 (D. Del. 1991)

15.    Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). The Trustee's sale or use of assets outside the ordinary course

5

of business should be approved by the Bankruptcy Court if the Trustee can demonstrate a sound business justification for the proposed transaction. *See, e.g.*, In re Martin, 91 F.3d 389, 395 (3d Cir. 1996); In re Abbott's Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir. 1986); In re Delaware & Hudson Ry. Co., 124 B.R. 169 (D. Del. 1991). Once the Trustee articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making the business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" In re S.N.A. Nut Co., 186 B.R. 98 (Bankr. N.D. Ill. 1995); *see also* In re Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992); In re Johns-Manville Corp., 60 B.R. 612, 615-16 (Bankr.S.D.N.Y. 1986) ("a presumption of reasonableness attaches to a Debtor's management decisions").

16.    As set forth in the Supporting Declaration, the Trustee has a sound business justification for selling the Intellectual Property at this time. The Debtors' limited assets as of the Petition Date consisted primarily of the Intellectual Property. Other than the Buyer, no other entity has presented a higher or otherwise better offer for the Intellectual Property. The negotiations were done in good faith and at arms-length. If the Intellectual Property was not sold free and clear of all claims, liens and encumbrances, the consideration received would be of substantially less benefit to the Debtors' estates. Over time various fees must be paid to U.S. and foreign governmental agencies in order to protect and preserve the Intellectual Property. The Debtors' estates lack the necessary resources to meet these ongoing obligations. The Buyer has expended and continues to expend significant time and capital to preserve the value of the Intellectual Property.

17.    Accordingly, it is the Trustee's business judgment that the proposed transaction with the Buyer represents the highest and best offer for the Intellectual Property.

6

**B.**   **The Proposed Sale Satisfies the Requirements of Section 363(f) for a Sale Free and Clear of Interests**

18.   Section 363(f) of the Bankruptcy Code permits the Trustee to sell assets free and clear of all liens, claims, interests, charges and encumbrances (with any such liens, claims, interests, charges, and encumbrances attaching to the net proceeds of the sale with the same rights and priorities therein as in the sold assets). As section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to section 363(b), it is only necessary to meet one of the five conditions of section 363(f).

19.   Here, as provided for in section 363 (f)(1), applicable nonbankruptcy law permits the sale of the Intellectual property free and clear of any such interests. Further, as there are no known liens on the Intellectual Property, under section 363 (f)(3), the property is being sold for more than the aggregate value of any liens.

20.   Accordingly, the requirements of section 363(f) of the Bankruptcy Code have been met.

**C.**   **The Buyer Should be Entitled to the Protections of Section 363(m)**

21.   Pursuant to section 363(m) of the Bankruptcy Code, a good faith purchaser is one who purchases assets for value, in good faith, and without notice of adverse claims. In re Mark Bell Furniture Warehouse, Inc., 992 F.2d 7, 9 (1st Cir. 1993); In re Willemain v. Kivitz, 764 F,2d 1019, 1023 (4th Cir. 1985); In re Congoleum Corp., Case No. 03-51524, 2007 WL 1428477, *2 (Bankr. D. N.J. May 11, 2007); Abbotts Dairies of Penn., 788 F.2d at 147.

22.   The Purchase Agreement was negotiated at arm's-length, with all parties represented by their own counsel. The Trustee engaged in efforts to find the highest and best offer for the Intellectual Property. The offer presented by the Buyer was the best offer that the Trustee received for the Acquired Assets.

23.    Accordingly, the Sale Order includes a provision that the Buyer is a "good faith" purchaser within the meaning of section 363(m) of the Bankruptcy Code. The Trustee believes that providing the Buyer with such protection is warranted and will ensure that the closing of the sale will occur promptly.

**D.    Relief Under Bankruptcy Rules 6004(h) and 6006(d) is Appropriate**

24.    Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property...is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise." Additionally, Bankruptcy Rule 6006(d) provides that an "order authorizing the trustee to assign an executory contract or unexpired lease...is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise." The Trustee requests that any Sale Order be effective immediately by providing that the 10-day stays under Bankruptcy Rules 6004(h) and 6006(d) are waived.

**NO PRIOR REQUEST**

25.    No prior request for the relief sought herein has been requested from this Court or any other court.

**NOTICE**

26.    Notice of this Motion has been provided to the following parties:  (a) the Debtors; (b) counsel for the Debtors; (c) the Office of the United States Trustee; (d) all known parties, if any, asserting a lien or security interest in the Intellectual Property; (e) all federal, state and local regulatory or taxing authorities that are reasonably ascertainable by the Trustee to have a known interest in the Acquired Assets; (f) known non-Debtor counterparties to any Intellectual Property Agreements; (g) those parties whose rights are affected by the Motion; and (h) all parties requesting notice under Bankruptcy Rule 2002.

PHIL1 6689901v.1

WHEREFORE, the Trustee respectfully requests that the Court grant the relief requested and grant such other and further relief as this Court deems proper and just.

Dated:  December 28, 2017
       Wilmington, Delaware

**KLEHR HARRISON HARVEY BRANZBURG LLP**

*/s/ Linda Richenderfer*
Linda Richenderfer (DE Bar No. 4138)
919 North Market Street, Suite 1000
Wilmington, DE 19801
Telephone:  (302) 426-1189
Facsimile:  (302) 426-9193
Email:  LRichenderfer@klehr.com

*Counsel for George L. Miller, Chapter 7 Trustee for the Debtors*

9

PHIL1 6689901v.1